Smith, J.
With some hesitation we have reached the conclusion that the judgment of the court of common pleas in this case should be affirmed. We think that the views, as expressed by the trial judge in the charge given by him to the jury, to the effect that the cross-petitioner in this case, who in the matter of the petition of the railroad company asking the vacation of certain streets of this city, had intervened under the provisions of section 2656, Revised Statutes, to have damages assessed to them on account of such vacation, *309 was correct and sustained by authority, viz., that the railxoad company,'being the owner of all the lots and lands abutting on each side of the streets or parts of streets sought to be vacated, and no one of the cross-petitioners owning any property therein, but owning property in “the immediate vicinity” of some one of the streets so sought to be vacated, could not recover damages therefor unless it appeared from the evidence that he had suffered an injury thereby different in kind, and not in degree only, from that suffered by the public. That he could not, for instance, recover damages in this case by merely showing that he was the owner of property in the immediate vicinity of a street ■so to be vacated, and was in the habit of using it often in his business or otherwise, and more frequently perhaps than the public generally, and that the closing of such street would be an inconvenience to him, by requiring him to travel further than he did before to reach a given point. The public or any person desiring to use the street, suffers the same inconvenience, and not affecting a legal right, it comes under the rule of “damnum absque injuria.”
We think, too, that the court was right in the view expressed, that the jury in this case could not properly con ■aider as an element of damage-, the use that the railroad company proposed to make of its own property after the •streets should be vacated, including the ground occupied by the streets before the vacation, which would revert to it as the owner of the abutting property. It is said and claimed that after the vacation of the streets, ihe company proposed to erect on its property certain buildings, shop and freight depots, and run trains of cars thereto, and that the noise and smoke therefrom would greatly diminish the value of the property of the cross-defendants in the vicinity.
In the first place, it is not certain that such improvements or plans will be carried out. We see nothing in the bill of exceptions relating thereto, or showing that it was the purpose to do this. But if it be conceded that it will be, and the legal rights of any of these claimants are infringed upon, damages may hereafter be recovered from the company, or any unlawful or injurious use of the premises may be restrained, and damages therefor may not be recovered in this proceeding.
*310 The trial court held in this case that there was no evidence offered or received as to the matter of damages which was competent to go to the jury under the rulings referred to, and all of the evidence offered on damages was ruled out, and the jury was thereupon directed to find a verdict against all of the claimants. Was this action of the trial judge right?
The evidence offered by the claimants was substantially of this character, varying slightly in particular cases, but not essentially. In the first place, evidence was offered as to the ownership by a claimant of a particular lot, or lots, and its location, with reference to the various streets sought to be vacated, and others, as shown on the plat offered in evidence, showing the state of affairs in that part of the city. As before stated, it was shown, and there was no controversy as to this, not one of the lots of the claimants abutted on any part of a street sought to be vacated, but that they were all within the immediate vicinity, and that the company owned all of the lots abutting thereon. Then evidence was offered showing how the lots were used or occupied, and tending to show the market value of the property as it then was. Then they sought to show, by persons claiming to have knowledge of the situation, by means of hypothetical questions, the opinion of the witness as to what the value of the propeity would be if the streets were vacated and the buildings, shops, depots and railroad tracks were placed there by the ccmpany, and trains of cars were run on these different tracks. Whether the value would be increased or diminished, and if so, how much, and what the market value of the property would then be. The court refused to allow evidence of this kind to be given, to which exception was taken, and an offer to prove that the*value would be a certain sum, much less than the present value, as fixed by the ruling.
It may be, as was said by the court in the charge to the jury, that there might be a special injury to property in the vicinity of a street sought to be vacated, by the vacation thereof, for which the owner might receive damages in a proceeding of this character, “as by the shutting off of property, or egress from it, or possibly in some other way.’’ But so far as we can see in this case, no such instance of *311 special injury or damages was presented here. And we' think that the court in its rulings on evidence did not commit error prejudicial to the rights of any claimant, or such evidence as has been mentioned not having been received, and there being nothing on the subject of damages before the jury, that the court did not err in directing a verdict against the claimants.
C. W. Baker for the Oross-Petitioners.
Harmon, Oolston, Goldsmith & Hoadly, for the Railroad. Company.